UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

CASE NO.: 8:24-cv-181-WFJ-AEP

IN THE MATTER OF:

PARADISE FAMILY, LLC, as owner
and ANOTHER DAY IN PARADISE
BOAT CLUB, LLC d/b/a FREEDOM
BOAT CLUB OF TAMPA BAY as
owner pro hac vice of the Reel
Traction, a 2020 Cobia motor vessel
bearing hull identification number
CBACX011G920      and      Florida
Registration   FL9040SL,   together
with      its      Engine,      Tackle,
Appurtenances, Equipment, & Etc., in
a   cause   for   Exoneration   from   or
Limitation of Liability,

     Petitioners.
_____/

**CLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
PETITION FOR EXONERATION FROM OR LIMITATION OF
LIABILITY; AND CLAIMS AGAINST PETITIONERS**

Claimant, ELISIA ROGERS, by and through her undersigned counsel and

pursuant to Admiralty Rule F(5), files her Answer and Affirmative Defenses to the

Petition for Exoneration from or Limitation of Liability of Petitioners, PARADISE

FAMILY, LLC, as owner and ANOTHER DAY IN PARADISE BOAT CLUB, LLC

d/b/a FREEDOM BOAT CLUB OF TAMPA BAY as owner *pro hac vice* of *Reel*

*Traction*, a 2020 Cobia motor vessel bearing hull identification number

CBACX011G920 and Florida Registration FL9040SL, and submits her Claims against Petitioners as follows:

## I.  ANSWER TO EXONERATION FROM OR LIMITATION PETITION

Claimant by and through her undersigned counsel files her Answer and Affirmative Defenses to the Petition for Exoneration from or Limitation of Liability of Petitioners, and responds to each of the numbered paragraphs as follows:

1. Claimant admits that the Petition is styled as a claim within the Court's admiralty and maritime jurisdiction. Except as specifically admitted, denied.

2. Claimant denies that the Petitioners have a valid claim under the cited statutes and that this Court should exercise its jurisdiction in this matter.

3. Claimant is without knowledge regarding the allegations of this paragraph, therefore denied.

4. Unknown and therefore denied.

5. Unknown and therefore denied.

6. Claimant admits that she filed the referenced state court action. Except as specifically admitted, denied.

7. Claimant is without knowledge regarding the allegations of this paragraph, therefore denied.

8. Claimant admits that her claims against Petitioners arise from an incident that occurred within this Court's jurisdiction and that the subject vessel was within this district.  Otherwise, denied.

LIPCON, MARGULIES & WINKLEMAN, P.A.

9.   Claimant admits that the incident occurred on September 1, 2020, in Florida's territorial waters near Egmont Key in Tampa Bay, Florida. Otherwise, denied.

10.  Denied.

11.  Denied.

12.  Unknown and therefore denied.

13.  Admitted that Petitioners filed a pleading titled "Ad Interim Stipulation for Value and Costs." However, Claimant denies that the stipulation of value is appropriate.  Except as specifically admitted, denied.

14.  Admitted that Petitioners filed a pleading titled "Ad Interim Stipulation for Value and Costs." However, Claimant denies that the stipulation of value is appropriate.  Except as specifically admitted, denied.

15.  Unknown and therefore denied.

WHEREFORE:

a)  Denied.

b)  Denied.

c)  Denied.

d)  Denied.

e)  Denied.

All allegations not expressly admitted above are hereby denied.

## II.   <u>AFFIRMATIVE DEFENSES TO THE PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY</u>

1.   As her first affirmative defense, Claimant states that the incident giving rise to the Petition was caused in whole or in part by the negligence or fault of the Petitioners who had privity and knowledge of the negligence and unseaworthy conditions set forth in Claimant's claims contained in Section III below, the facts of which are incorporated here by reference, such that Petitioners are neither entitled to limit or be exonerated from its liability as claimed in the Petition.

2.   As her second affirmative defense, Claimant states that Petitioners are not entitled to exoneration or limitation of liability because the operator of the subject vessel, MICHAEL MCPHERSON, was operationally negligent.

3.   As her third affirmative defense, Claimant states that Petitioners are not entitled to limit or be exonerated from their liability arising from their negligent entrustment of the subject vessel to the vessel operator, MICHAEL MCPHERSON, because privity or knowledge is an element of the tort of negligent entrustment. *See Joyce v. Joyce*, 975 F.2d 379, 385 (7th Cir. 1992).

4.   As her fourth affirmative defense, Claimant states that Petitioners are not entitled to exoneration or limitation of liability because Petitioners failed to exercise the reasonable and necessary degree of control and supervision of the vessel and of the situation. Petitioners were in control in order to avoid the incident in question.

4

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

5.  As her fifth affirmative defense, Claimant states that at all times material hereto, Petitioners could have and should have obtained the necessary information to prevent and/or avoid this incident by the use of reasonable inquiry of the vessel's intended path or of the operator's skill in operating the subject vessel in the surroundings waters which was available to them at the time of the incident and prior to same.

6.  As her sixth affirmative defense, Claimant states that Petitioners are not entitled to exoneration or limitation of liability because at all material times the subject vessel and its appurtenances and equipment were not seaworthy or reasonably suited for the purposes for which it was intended at the beginning of the subject voyage, thereby precluding the Petitioners from any relief under 46 U.S.C. § 30501 et seq.

7.  As her seventh affirmative defense, Claimant states that Petitioners are not entitled to exoneration or limitation of liability because Claimant's injuries and damages were caused by the intentional and/or reckless violation of federal and/or state law.

8.  As her eighth affirmative defense, Claimant states that Petitioners are not entitled to exoneration or limitation of liability because the value of the limitation fund proposed by Petitioners is insufficient and inaccurate because the alleged value given for the vessel is below the true value of the vessel.

9.  As her ninth affirmative defense, Claimant states that pursuant to the

Flotilla Doctrine, the limitation fund should be increased to include the value of the Petitioners' other vessels comprising of its flotilla and the amount of any liability insurance coverage, because the vessels comprising of its flotilla were engaged in a common venture or enterprise at the time of the accident.

10. As her tenth affirmative defense, Claimant states that any stay or injunction of her personal injury action and claims arising out of the incident should be lifted and/or modified because the conflict between the Limitation Action and Claimant's right to a jury trial for her claims may involve other defendant(s), who are not entitled to seek relief under 46 U.S.C. §30501 et seq., including, but not limited to, MICHAEL MCPHERSON.

11. As her eleventh affirmative defense, Claimant states that the Petition fails to state a claim upon which relief can be granted.

**WHEREFORE**, the Claimant, ELISIA ROGERS, by and through her undersigned counsel respectfully requests that the Petition for Exoneration from or Limitation of Liability be dismissed with prejudice, and that the Court enter an order allowing the Claimant to pursue her claims for personal injuries, and for all other relief this Court deems proper.

### III.   CLAIMANT'S CLAIMS AGAINST PETITIONERS

### General Allegations

1. At all times material, Claimant ELISIA ROGERS was over the age of eighteen and a citizen of the State of Florida.

LIPCON, MARGULIES & WINKLEMAN, P.A.

2.    Upon information and belief, Petitioner PARADISE FAMILY, LLC was and is registered to do business in Florida with its principal place of business at 897 East Venice Avenue, Venice, Florida 34285.

3.    Upon information and belief, Petitioner ANOTHER DAY IN PARADISE BOAT CLUB, LLC d/b/a FREEDOM BOAT CLUB OF TAMPA BAY was and is registered to do business in Florida with its principal place of business at 897 East Venice Avenue, Venice, Florida 34285.

4.    Claimant brings her claims under protest, subject to, and without prejudice to her arguments that the Petition for Exoneration of Limitation of Liability is improper.

5.    Pursuant to Federal Rule of Civil Procedure 13, this claim is subject to this Court's jurisdiction as a compulsory counterclaim to Petitioners' Petition for Exoneration from or Limitation of Liability.

6.    Pursuant to Federal Rule of Civil Procedure 13, these claims arise out of the same transaction and occurrence, as does Petitioners' Petition for Exoneration from or Limitation of Liability.

7.    Petitioners brought this action for Exoneration from or Limitation of Liability pursuant to the admiralty jurisdiction of this Court.  Consequently, this Court also has jurisdiction over Claimant's claims.

8.    Claimant's damages exceed the Petitioners' limitation fund.

9.    At all times material, Petitioners owned, operated, managed, maintained, and/or controlled the subject vessel and the boat club that provided the

subject vessel to operator, MICHAEL MCPHERSON ("MCPHERSON").

10.     At all times material, Petitioners owned, operated, managed, maintained and/or controlled the subject vessel, *Reel Traction*, a 2020 Cobia motor vessel, through their agents, servants and/or employees.

11.     At all times material, Petitioners owned, maintained and/or serviced a fleet of vessels to be operated by their paying members.

12.     At all times material, the subject vessel was a member of a flotilla of other vessels, with common or related ownership, registration and utilized for a common business purpose.

13.     At all times material hereto, Petitioners were in the business of renting, leasing and/or providing vessels to their members for operation in Florida's territorial waters, pursuant to Florida Statute §327.54.

14.     At all material times, the boat club was a livery as contemplated by Florida Statute §327.54 and subject to the Florida Statutes regulating liveries.

15.     At all times material, Petitioners represented to the public through their sales associations, promotional literature, and website that their members were permitted to bring guests during boat rentals.

16.     At all times material, Petitioners represented to the public through their sales associations, promotional literature, and website that safety is and was their "No. 1" concern for their members and their guests.

17.     At all times material, Petitioners represented to the public through their sales associations, promotional literature, and website that "unlimited

8

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

training" was available to their boat club members.

18.    At all times material, Petitioners represented to the public through their sales associations, promotional literature, and website that members boating in new locations would be shown the waterways.

19.    At all times material, Petitioners failed to comply with Florida Statute §327.54 in renting, leasing and/or providing the subject vessel to MCPHERSON without instructing MCPHERSON regarding the safe operation of the subject vessel.

20.    At all times material, Petitioners did not ascertain whether MCPHERSON knew how to operate the vessel properly.

21.    At all times material, Claimant was inexperienced with boating and operating vessels.

22.    At all times material, Petitioners failed to comply with Florida Statute §327.54 in renting, leasing and/or providing the subject vessel to MCPHERSON without providing instruction as to the local characteristics of the waterway where the vessel would be operated, such as navigational hazards, the presence of boating-restricted areas, and water depths.

23.    On or about September 1, 2020 (the date of the incident), Petitioners rented, leased and/or provided the subject vessel, *Reel Traction*, a 2020 Cobia, to MCPHERSON, a member of the boat club.

24.    On or about September 1, 2020, Claimant was a guest passenger on Petitioners' vessel that was operated by MCPHERSON.

25. On or about September 1, 2020, MCPHERSON failed to maintain a proper lookout and failed to adhere to weather, sea and water-depth conditions and regulations when he carelessly operated the vessel in shallows waters.

26. On or about September 1, 2020, MCPHERSON failed to maintain a proper speed when he carelessly operated the vessel in shallows waters.

27. On or about September 1, 2020, MCPHERSON was carelessly operating the vessel in shallows waters and ran it aground.

28. As a result, and while the vessel was stuck in a sandbar, MCPHERSON told Claimant to go to the back of the boat to help move the vessel.

29. Additionally, MCPHERSON had <u>failed to</u> a) turn off the vessel; b) warn Claimant that the vessel was still running; and c) ensure Claimant maintained a sufficient distance from the vessel and its propeller.

30. As a result, while Claimant was behind the vessel and sinking into the sand, her left leg got caught in the propeller causing her to sustain severe lacerations.

31. The Claimant was taken by emergency medical services for her injuries requiring urgent medical care.

32. Despite their advertising, Petitioners failed to provide MCPHERSON with professional, on-the-water instruction to make him an educated, safe and confident boater.

33. Rather than providing MCPHERSON with a nautical chart and adequate information regarding the waterways, Petitioners allowed MCPHERSON to

operate the vessel that caused Claimant's severe injuries, in violation of Florida Statute §327.54.

34.    Rather than terminating MCPHERSON's membership, Petitioners allowed MCPHERSON to operate the vessel despite MCPHERSON's prior boating mishaps or reckless operation, failure to adhere to their rules and regulations and/or engaging in a business or activity injurious to Petitioners.

35.    Rather than requiring MCPHERSON to comply with the pre-rental or pre-ride instructions, Petitioners allowed MCPHERSON to operate a vessel carelessly and/or recklessly that caused Claimant severe injuries, in violation of Florida Statute §327.54.

36.    As a result of the aforementioned violations, negligence and carelessness of Petitioners and MCPHERSON, the Claimant suffered serious personal injuries including, but not limited to, several lacerations.

37.    As a result of Petitioners' negligence, the Claimant sustained significant injuries to her left leg including, but not limited to, severe lacerations.

38.    At all times material, Petitioners had actual and/or constructive knowledge that their member was incapable of safely operating a vessel and of his dangerous propensities in the operation of vessels.

39.    At all times material, Petitioners had actual and/or constructive knowledge that failure to provide adequate information regarding the waterways was a danger to inexperienced vessel operators that had caused injuries prior to Claimant's incident.

LIPCON, MARGULIES & WINKLEMAN, P.A.

## COUNT I – NEGLIGENCE AGAINST PETITIONERS

Claimant re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirty-nine (39) as though alleged originally herein.

40.    At all times material, Petitioners owed a duty to the public and their guests, including and in particular, Claimant, to exercise reasonable care in the operation, supervision, and management of their boat rentals to prevent foreseeable injury.

41.    At all times material, Petitioners, by and through their employees, representatives, agents, and/or servants, breached their duty of care to Claimant and were negligent in one or more of the following ways:

   a.    Failing to provide adequate training and instructions to MCPHERSON as operator of the vessel;

   b.    Failing to provide adequate instruction to MCPHERSON;

   c.    Failing to adequately ascertain and/or confirm the ability of the vessel operator before entrusting the vessel;

   d.    Failing to conduct an evaluation of the proficiency of operator before entrusting the vessel;

   e.    Failing to adequately restrict the operation of the vessel to qualified operator;

   f.    Failing to adequately warn vessel operators and guests of the hazards of the operation of vessels in general including the subject vessel;

   g.    Failing to adequately advise of safe stopping distances necessary to

safely operate the vessels including, but not limited to the fact that stopping distance will vary depending on initial speed, load, wind, number of riders and water depth conditions;

h.   Failing to provide instruction regarding the local characteristics of the waterway where the vessel will be operated, such as navigational hazards, the presence of boating-restricted areas, and water depths;

i.   Failing to promulgate and/or enforce adequate instruction and/or supervision to ensure the safe entrustment of the vessels to a qualified operator(s);

j.   Failing to implement adequate policies and procedures for the safe operation of their boat rentals;

k.   Failing to provide proper safety equipment aboard the vessel;

l.   Failing to take all reasonable precautions to prevent the incident and injuries to the Claimant;

m.   Failing to ensure that members fully understood the operational characteristics of the vessel;

n.   Failing to comply with Federal and state regulations, statutes, and codes with respect to their boat rentals, including but not limited to Fla.Stat.§327.54 thereby constituting *negligence per se*;

o.   Failing to ensure that their members meet all applicable certification requirements for the operation of boat rentals;

p.      Failing to provide reasonably safe routes and/or paths of travel for their boat rentals;

q.      Failing to inspect the vessel for unseaworthy conditions;

r.      Failing to provide a seaworthy vessel;

s.      Leading their members into a known dangerous condition; and/or

t.      Failing to provide adequate and proper information regarding their boat rentals.

42.    As a direct and proximate result of the above-mentioned negligence of the Petitioners, Claimant was severely injured.

43.    As a direct, foreseeable, and proximate result of Petitioners' negligence, the Claimant was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and her working ability has been impaired.  The injuries are permanent or continuing in nature, and Claimant will suffer the losses and impairments in the future.

**WHEREFORE**, Claimant requests judgement in her favor for all damages recoverable against Petitioner; denial of Petitioners' prayer for limitation of or Exoneration from Liability; plus costs, interest, and any other relief this Court deems just and proper.

## COUNT II – NEGLIGENCE *PER SE* AGAINST PETITIONERS

Claimant re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirty-nine (39) as though alleged originally herein.

44.  On or about September 1, 2020, Petitioners rented, leased and/or provided the vessel involved in the Claimant's incident.

45.  At all material times, Petitioners' conduct of renting, leasing, or providing the vessel to another was regulated by Florida Statute § 327.54, ("the Livery Statute").

46.  On or about September 1, 2020, Petitioners failed to comply with Florida Statute §327.54 in renting, leasing and/or providing the vessel to MCPHERSON.

47.  On or about September 1, 2020, Petitioners failed to provide adequate instruction to MCPHERSON in connection with their renting, leasing and/or providing of the vessel.

48.  On or about September 1, 2020, Claimant was struck by the vessel's propeller.

49.  The Livery Statutes place restrictions on liveries leasing, hiring, and renting vessels and dictates certain topics of instruction which must be covered by the Petitioners. *See* Fla. Stat. § 327.54.

50.  On or about September 1, 2020, Petitioners violated their statutory duty under Fla. Stat. § 327.54 failing to conduct an evaluation of the proficiency of operator before entrusting the vessel and by failing to instruct the

operator/lessee of:

a.   Operational characteristics of the vessel to be rented; including, but not limited to:

   i.   Lack of directional control of the vessels while in use;

   ii.  Safe stopping distances necessary to safely operate the vessels including, but not limited to the fact that stopping distance will vary depending on initial speed, load, wind, number of riders and water conditions;

b.   Safe vessel operation and vessel right-of-way.

c.   The responsibility of the vessel operator for the safe and proper operation of the vessel.

d.   Local characteristics of the waterway where the vessel will be operated, such as navigational hazards, the presence of boating-restricted areas, and water depths. *See* Fla. Stat. § 327.54.

51.   On or about September 1, 2020, Petitioners violated their statutory duty under Fla. Stat. § 327.54 by allowing MCPHERSON to operate a vessel without adequate pre-rental instruction and failing to provide instruction regarding the local characteristics of the waterway where the vessel will be operated. *See* Fla. Stat. § 327.54.

52.   As a direct and proximate result of the above-mentioned negligence of the Petitioners, the vessel was leased, rented and/or provided to MCPHERSON without the required instruction and information provided in violation of

the Vessel Safety Statutes, causing Claimant to be severely injured.

53. As a direct, foreseeable, and proximate result of Petitioners' negligence, the Claimant was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Claimant will suffer the losses and impairments in the future.

**WHEREFORE**, Claimant requests judgement in her favor for all damages recoverable against Petitioner; denial of Petitioners' prayer for limitation of or Exoneration from Liability; plus costs, interest, and any other relief this Court deems just and proper.

## COUNT III – NEGLIGENT ENTRUSTMENT AGAINST PETITIONERS

Claimant re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirty-nine (39) as though alleged originally herein.

54. At all times material, Petitioners owed a duty to exercise reasonable care to members of the public and their guests, including Claimant, in the use, rental, and entrustment of their vessel.

55. At all times material, Petitioners entrusted MCPHERSON with the vessel that caused Claimant's severe injuries.

56. At all times material, the subject vessel was entrusted to MCPHERSON by

17

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

Petitioners, the entity with power, authority, custody, and dominion over the subject vessel.

57.   At all times material, Petitioners had actual and/or constructive knowledge of MCPHERSON's inexperience, lack of training, lack of instruction, and/or dangerous propensities before the boat rental.

58.   At all times material, Petitioners knew or should have known that MCPHERSON was likely to operate the vessel in such a manner as to create an unreasonable risk of harm to others, including Claimant.

59.   Petitioners were negligent and breached their duty of care by negligently entrusting the subject vessel to MCPHERSON, who was a source of danger to members of the public, including Claimant.

60.   Petitioners' breach of the duty of reasonable care encompasses but is not limited to the following acts or omissions:

a.    Allowing MCPHERSON to operate the vessel;

b.    Allowing MCPHERSON to take guests on the vessel;

c.    Allowing MCPHERSON to operate their vessel in an unsafe and reckless manner;

d.    Allowing MCPHERSON to operate their vessel when they knew or should have known he did not possess adequate experience, training and/or instruction to do so in a reasonably safe manner;

e.    Allowing MCPHERSON to remain as a club member when they knew or should have known he did not possess adequate experience,

training and/or instruction to do so in a reasonably safe manner; and/or

f.     Allowing MCPHERSON to remain as a club member despite violating the club's rules and regulations.

61.    As a direct and proximate result of the above-mentioned negligence of the Petitioners, MCPHERSON operated the vessel aground and caused Claimant to sustain severe injuries.

62.    As a direct, foreseeable, and proximate result of Petitioners' negligent entrustment, the Claimant was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and her working ability has been impaired.  The injuries are permanent or continuing in nature, and Claimant will suffer the losses and impairments in the future.

**WHEREFORE**, Claimant requests judgement in her favor for all damages recoverable against Petitioner; denial of Petitioners' prayer for Limitation of or Exoneration from Liability; plus, costs, interest, and any other relief this Court deems just and proper.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Claimant*

2800 Ponce de Leon Blvd.
Suite 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Stefanie A. Black*
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Stefanie A. Black*
**STEFANIE A. BLACK**

## SERVICE LIST
### Case No.: 8:24-cv-181-WFJ-AEP

Stefanie A. Black
sblack@lipcon.com
LIPCON, MARGULIES
& WINKLEMAN, P.A.
2800 Ponce de Leon Blvd.
Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Claimant*

Jerry D. Hamilton, Esq.
David N. Gambach, Esq.
HAMILTON, MILLER &
BIRTHISEL, LLP.
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
Tel: 305-379-3686
Fax: 305-379-3690
JHamilton@HamiltonMillerLaw.com
DGambach@HamiltonMillerLaw.com
JFlorin@HamiltonMillerLaw.com
JMendez@HamiltonMillerLaw.com
*Attorneys for Petitioners*