## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### IN ADMIRALTY

### Case No. 24-cv-00181-WFJ-AEP

IN THE MATTER OF:

**PARADISE FAMILY, LLC,** as owner and **ANOTHER DAY IN PARADISE BOAT CLUB, LLC**, d/b/a **FREEDOM BOAT CLUB OF TAMPA BAY** as owner *pro hac vice* of the *Reel Traction*, a 2020 Cobia motor vessel bearing hull identification number CBACX011G920 and Florida Registration FL9040SL, together with its Engine, Tackle, Appurtenances, Equipment, & Etc., in a cause for Exoneration from or Limitation of Liability,

      Petitioners.

---

### ORDER GRANTING PETITIONERS' UNOPPOSED MOTION FOR FINAL DEFAULT JUDGMENT OF EXONERATION AGAINST ALL PERSONS AND ENTITIES WHO DID NOT RESPOND

**THIS CAUSE** came before the Court upon Petitioner's Unopposed Motion for Entry of Final Default Judgment of Exoneration Against all Persons and Entities who did not respond to the Petition for Exoneration or Limitation. This case involves an admiralty complaint for exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., and Rule F of the Supplemental Admiralty and Maritime Claim Rules. (*See* ECF 1). Because Petitioners complied with the relevant statutory and procedural rules, the Court grants the motion.

## I.      Background

In the Complaint for Exoneration from or Limitation of Liability, the Petitioners Paradise Family, LLC, as owner and Another Day In Paradise Boat Club, LLC, d/b/a Freedom Boat Club of Tampa Bay as owner *pro hac vice* of the *Reel Traction,* requested that this Court notice all persons, firm or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to the Petitioners' claim and order such parties to file their respective claims with the Clerk of this Court. (ECF 1). Moreover, as relevant here, the Petitioner also sought a judgment that Petitioners, the [v]essel, and its owners, masters, crew, employees, and agents, are not liable whatsoever for any losses, damages, injuries, or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the incent described in the Petition. (ECF 1).  Following the filing of the complaint, Petitioner also filed its *Ad Interim* Stipulation of Value and Stipulation for Costs. (ECF 5). And on January 23, 2024, the Court entered its Order Approving *Ad Interim* Stipulation of Value, Directing Notice to all Persons Asserting Claims, ordering any claimants to file their respective claims with the Clerk of Court and file an answer to the complaint by March 15, 2024. (ECF 8). At that time, the Court also ordered that public notice of the Monition be given by publication as required by Rule F of the Supplemental Admiralty and Maritime Claim Rules. *Id.*  Then, in accordance with the Order, a Monition was issued

(ECF 10) directing all persons or corporations, in respect of which the Petitioners seek limitation, to file their respective claims with the Clerk of this Court and to serve on or mail to the Petitioners' attorneys copies thereof on or before March 15, 2024, and citing such claimants to appear and respond to the Complaint herein or be defaulted.

Petitioners filed proof of publication including an affidavit thereof showing publication of the Monition in *Tampa Bay Times*, a daily newspaper printed and published in Pinellas County, Florida, on February 4, 11, 18, and 25, 2024. *See* ECF 12-1, Proof of Publication.

And on January 29, 2024, Petitioner sent the Complaint, Order Approving the Ad Interim Stipulation and for monition and injunction, and the Monition, to all potential claimants. *See* ECF 11, Notice of Filing Proof of Service. No one has requested additional time to respond. And only Elisia Rogers appeared, answered, and made a claim. *See* ECF 13.

A Clerk's Default was entered as to all who failed to appear, answer, or otherwise plead to the complaint. *See* ECF 17, Clerk's Default. Notably, to date, no new claimants have appeared or moved to set aside the Clerk's entry of default. Thus, Petitioners now request the Court enter a final default judgment as to all non-filing claimants.

## II.    Legal Standard

Pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., a shipowner can limit its liability for certain claims involving its vessel to the value of the vessel. *See Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019) ("The Act establishes a procedure by which a shipowner can limit its liability for certain claims involving one of its vessels to the value of the vessel plus its then-pending freight.") (citing § 30505(a)). *See also* Rule F of the Local Admiralty and Maritime Rules.

## III.    Discussion

Here, based on a review of the record, the Petitioners complied with the relevant rules. Aside from the claim listed above, no other parties have responded, answered and/or filed claims within the prescribed deadline as set. Nor have there been any requests for more time to file a claim. And to date, no claimants have appeared or moved to set aside the Clerk's entry of default. *See In re Vass*, No. 17-cv-81031, 2018 WL 11229125, at *2 (S.D. Fla. Feb. 12, 2018) ("Where publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they received actual notice thereof or not, and if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other.") (citing *Dowdell v. U.S. Dist. Court for N. Dist. Of Cal.*, 139 F. 444, 445-46 (9th Cir. 1905)).

As Petitioners complied with the applicable Rules, the Court finds that an entry of default final judgment as to the non-appearing claimants is appropriate. *See Matter of Newport Freedog*, No. 18-cv-647-T-23AEP, <u>2018 WL 3687986</u>, at *2 (M.D. Fla. July 16, 2018) (recommending that motion for default judgment against non-filing claimants be granted as plaintiffs satisfied their obligations under Supplemental Rule F(4), which included the publication of notice in the *Tampa Bay Times* for four consecutive weeks, with the notice indicating the deadline to file a claim or answer); *see also In re Vass*, <u>2018 WL 11229125</u>, at *2 (granting petitioner's motion for entry of final default judgment for exoneration of liability as to non-claimants where the petitioner complied with admiralty rules). *And see In re Fun Time Boat Rental & Storage, LLC*, <u>431 F. Supp. 2d 993, 1002</u> (D. Ariz. 2006) (holding that Petitioner was entitled to exoneration when claimant failed to properly file a claim.); *Matter of Charles E. Collier*, No. 3:20-cv-119-BJD-PDB, Docket Entry 59 (M.D. Fla. July 9, 2021) (granting petitioner's motion for entry of final default judgment for exoneration of liability as to an individual, insurance company, and any and all claimants who failed to plead or otherwise defend any claim concerning the subject loss); *Matter of Mark A. Beauvios*, No. 2:10-cv-480-CEH-SPC, Docket Entry 41 (M.D. Fla. Jan 7, 2011) (directing the clerk of court to enter a final default judgment decreeing that the limitation plaintiff is exonerated from all liability for any and all losses, personal injury and/or death related to

the subject vessel collision); *In re Sause Bros. Ocean Towing*, No. Civ. 89-609-RE, 1992 WL 220674, at *2 n.1 (D. Or. Feb. 25, 1992) (denying claimants' motion to respond to a limitation action after the time period prescribed by the court's monition expired and after the court defaulted all potential claimants even though the new claimants contended that geographical barriers prevented them from receiving notice of the limitation proceeding); *See also Miller v. United States,* 78 U.S. 268, 301 (1870) (recognizing that a default in admiralty was the proper procedure when a person failed to file a claim of owner in an *in rem* proceeding.); *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.,* 313 F.2d 359, 361 (5th Cir. 1963) (affirming district court's entry of order noting default and denial of leave to file late claim *nunc pro tunc.*).

Accordingly, it is hereby,

**ORDERED AND ADJUDGED:**

1.  Petitioner's Unopposed Motion for Entry of Final Default Judgment for Exoneration Against All Non-Appearing Potential Claimants is **GRANTED**.

2.  All persons and entities who have failed to timely respond, file claims and/or answers by the monition deadline are hereby defaulted and barred from filing future claims against Petitioners Paradise Family, LLC, as owner and Another Day In Paradise Boat Club, LLC, d/b/a Freedom Boat Club of Tampa Bay as owner *pro hac vice* of the *Reel*

*Traction*, a 2020 Cobia motor vessel bearing hull identification number CBACX011G920 and Florida Registration FL9040SL, together with its Engine, Tackle, Appurtenances, Equipment, & Etc., arising from the events more fully described in Petitioners' complaint (ECF 1).

3.      Pursuant to Fed. R. Civ. P. 58, the Court will enter a separate final judgment against all non-appearing claimants, persons, and entities.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 26th day of April, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Cc: Counsel of Record